`PD-1233-12`



CHIEF JUSTICE
JAMES T. WORTHEN

JUSTICES
BRIAN HOYLE
GREG NEELEY

TWELFTH COURT OF APPEALS

CLERK
PAM ESTES

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

December 9, 2015

Michael Kennedy
#1516203
Polunsky Unit
3872 FM 350 South
Livingston, TX 77351

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 14 2015

Abel Acosta, Clerk

**RE:** Case Number: 12-11-00041-CR
Trial Court Case Number: 29326

**Style:** Michael Allyn Kennedy
v.
The State of Texas

This is to acknowledge receipt of your recent communication.

In response to your inquiries, please be advised that:

1.     The mandate in this case was issued on February 4, 2013.  Further, this Court does not have jurisdiction to consider the relief you are requesting.

2.     Your pleadings have been forwarded to the Court of Criminal Appeals.  Please address future pleadings in this regard to Mr. Abel Acosta, Clerk, Court of Criminal Appeals, Supreme Court Building, 201 West 14th Street, P.O. Box 12308, Capitol Station, Austin, TX 78711-2308.

Very truly yours,

PAM ESTES, CLERK

By: _Katrina McClenny_
Katrina McClenny, Chief Deputy Clerk

CC: Mr. Abel Acosta, Clerk

NO.

IN THE 12th Court of Appeals
TYLER, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 14 2015

Abel Acosta, Clerk

In RE. MICHAEL A. Kennedy
Movant,

PETITION FOR EXTRODINARY WRIT
TO REVERSE THE COURT OPINION
AND RULING ON APPEAL

TO THE HONORABLE JUDGES OF COURT OF APPEALS
COMES NOW, Michael A. Kennedy, Movant,
Files this Petition FOR EXTRODINARY WRIT
to reverse the court opinion and Ruling on
Appeal pursuant to Tex. Consts. Art. 5 § 11.
Tex. R. App. Proc. § 16.1, 2.3, and 20, 21,
22, 23, and in support shows this court as
follows:

I. ISSUE PRESENTED

The 12th Court of Appeals was Required
to recusal or disqualify themselve where
timely motions and objections under tex.
R. App. Proc. § 16.1, 16.2 and 16.3, was
filed in Appeal No. 12-01-00041-CR And
There opinion is voided without
a certified entire to trial court

## II. STATEMENT OF THE CASE

The 12th Court of Appeals denied to Recusal themselve where timely motions was filed or certify the entire case to the trial court Required by Tex. R. App. Proc. If 16 if 16.2 and 16.3.

## III. ARGUMENTS

The 12th Court of Appeals was Required to Recusal or disqualify themselve on timely motions where Movant was within the Rules for the Judges to certify the entire case to the trial Court by Tex. R. App. P. 16.1, 2.3.

First, Appellant claims that the Appeals Judges should have Recusal themselve where the Judges knew that Appellant have Assaulted Jury and sexual Assaulted Jury during trial and also 12th court of Appeals Allowed the trial court to destroy psychiatrist Report From doctor Paul Andrew to be provided to the

2

Appellant or any other counsel at Retrial. Appellant claims Judges Refuses to Recusal themselve denied the Appellant due Process where the Judges had lawsuits against them and in the interest of the case No. 29326 - Kennedy v. State, see grounds Raises, finally, Appellant claims that the Judges Brian Holye was Related to the Victim forrest Bradberry as his cousin and the Judge as a family could not Rule on appeal.

## CONCLUSION

For these Reasons the court should Recusal themselve and certify a writ to the Texas court of criminal appeals and the trial court that there decision is voided in No. 12-11-00041-CR-kennedy v. State. Trial court No. 29326; and the case Remanded for another Judges of a different appeal court for reappeal.

Respectfully submitted

Michael A. Kennedy
#1516203
Polunsky Unit
3872 FM 350 South
Livingston, TX 77351

3

## CERTIFICATE OF SERVICE

I, Michael Kennedy, Appellant, hereby certify a true and correct copy to all parties of Tex. Atty. General office P.O. Box 12548 Austin, TX 78711 and the Crim. Dist. Atty. Office. 500 N. Church St. Palestine, TX 75802 on December 3, 2015

Michael A. Kennedy

# MEMORANDUM OF LAW AND GROUND NO. 1

Applicant Actual innocence based upon Affidavit that none of victim Forrest Bradberry checks could not be cashed in it's form that Admitted by the states support no evidence and a denial of a fundamental doctrine without due process of law to the 14th Amendment to the united states FOR a violation of SLAVERY and NO person imprisonment for a contract or debt. U.S. C.A. consts. Amends 6.8.13.14. TEX. consts. ART. 1. § 18

The Affidavit Attached a exhibit 1 clearly Support that state's exhibit 1 could not be cashed and was not cashed in it's form on October 9, 2007 This Not Negotiable checks could not be cashed at Any bank in the united states of Amer. w or the FRanklin BANK. Applicant Judgement and conviction imposed A conviction and sentence date of october 9, 2007 was unconstitutionally voided and violates Texas constitutions of ARticle one section 18, in that, Applicant alleges that the victim forrest Bradberry testified that october 9, 2007 was a contract and that he paided the Applicant FOR Painting his house, state's prosecution could not convict and sentence the Applicant FOR a PRivate Agreement Contract OR debt with the victim on october 9 2007. see indictment and Judgment or sentence date of offense; NO JURY OR trial court could found the Applicant guilty of theft when these checks was not cashed and was not certified Records in violations of the 14th Amendment to the united states constitutions. U.S.C A. consts. Amends 6.14. The Applicant being helded in slavery for no crime or offense. consts Amends 13

# MEMORANDUM OF LAW AND GROUND No. 2

STATE'S PROSECUTIONAL SUPPRESSED PSYCHIATRIST REPORT OF PAUL ANDREW FROM THE APPLICANT THAT FOUNDED APPLICANT INCOMPETENT BEFORE THE ORIGINAL TRIAL VIOLATED STATE CONSTITUTIONAL RIGHTS TO FAIR TRIAL. TEX. CODE. CRIM. PROC. ART. 39 (a) (b) (c) (d)

IN BRADY V. MARYLAND, 373 U.S. 83, 87 (1963). WHERE TRIAL JUDGE PAMELO FLETCHER ORDERED A PSYCHIATRIST DOCTOR PAUL ANDREW TO EVALUATE MICHAEL KENNEDY FOR A COMPETENCE TO STAND TRIAL. THE DOCTOR PAUL ANDREW FOUNDED MICHAEL KENNEDY INCOMPETENT TO STAND TRIAL TWO MONTHS FOR THE ORIGINAL TRIAL ON MAY 27, 2008. APPLICANT ALLEGES THAT THE STATE'S PROSECUTOR AND TRIAL COUNSEL TRIAL JUDGE AND THE DOCTOR PAUL ANDREW DID NOT PROVIDE THE APPLICANT ANY REPORT BEFORE TRIAL OR AFTER TRIAL. ALTHOUGH TIMELY MOTIONS WAS MADE FOR STATE'S DISCOVERY. APPLICANT ALLEGES WITH THE PSYCHIATRIST REPORT OF PAUL ANDREW THE APPLICANT COULD HAVE RAISED INSANITY DEFENSE. TEX. CODE. CRIM. PROC. ART. 46.01. 46.02, 46.03, 46.04, THE EVIDENCE IS MATERIAL AND FAVORABLE TO THE APPLICANT DEFENSE TO RAISE INCOMPETENT HEARING. FURTHER, APPLICANT ALLEGES TRIAL JUDGE MARK CALHOUN NEVER ARRAIGNED THE APPLICANT BEFORE TRIAL NEVER TALKED TO THE APPLICANT AND NEVER PROVIDED THE APPLICANT A COPY OF THE INDICTMENT REQUIRED BY TEX. CONST. ART. 1. SEC. 10. OR APPOINT TRIAL COUNSEL WAS A VIOLATIONS OF DUE PROCESS OF LAW TO A FAIR TRIAL.

4

# MEMORANDUM OF LAW AND GROUND No. 3

Trial court was without Lack of Jurisdiction, a denial of a fundamental doctrine to impose a second conviction without a Judgment and sentence was no evidence of a prior Judgment in cause No. 18,349 violated state constitutional Rights to impose a sentence of 99 years conviction From the original indictment of one prior conviction

---

Thus, prior to the 1981 amendments to Article 42.02 of Tex. code. Crim. Proc. The statute was construed as a requiring the existence of a written Judgment as a prequiste to the pronouncement of sentence. Jones v. State, 795 S.W. 2d 199, 200 (Tex. Crim. App. 1990); Thornton v. State, 576 S.W. 2d 407-408 (Tex. Crim. App. 1979). HERE, The Applicant contends that NO Judgment and sentence existed and could not be admitted into evidence as state's exhibits. The trial court failed and Applicant argues that the 12th court of appeals misstated laws and facts that there was a Judgment in cause number 18,349, "There was no proof of any prior conviction of a prison penpacket of No. 18,349, Consequently, Applicant Filed a motion for new trial that the states prosecutor never provided the Applicant any Judgment and sentence in cause no. 18,349 and that there was no Judgment and sentence existed to support a prior second conviction, Applicant stated that he was not convicted of prior conviction and no Judgment and sentence of No. 18,349 does not exists and the 14th Amendments to the united states constitutionally violated by the trial court supported this Judgment.

5

# MEMORANDUM OF LAW AND GROUND NO. 4

Applicant was founded Mentally incompetence before the ORIginal trial and could not waive trial Counsel deprived the Applicant á State constitutional Rights to FAIR trial and a fundamental doctrine Rights to effective trial counsel, the conviction is voided without Jurisdiction to impose sentence. U.S.C.A. consts Amends 6. 8. 13. 14. Tex. code. CR.m. PROC. Art. 46.01. 46.03.

The trial court and State's prosecution was unfair and went out of harmony with the Rules of courts and the fundamental Justice and seriously affects the fairness, integrity and public and courts Judicial Reputation proceeding: for not showing fairness to all peoples of the united States of America. United States v. Young, 470 U.S.1. 15. 105 S. Ct. 1038. 1046. L. Ed. 2d 1 (1985). The erred was a complete miscarriage of Justice and abuse of discretion and State's prosecution committed misconduct to the rights to equal protection to all peoples in the Justice system that the applicant could not waiver his rights to trial counsel or represent himself at trial to a effective defense when the psychiatrist doctor founded the Applicant incompetent before the original trial, Tex Code. CR.m. PROC. Art. 46.04. Applicant did not intelligently and knowingly waived his rights to trial counsel in writing was a violation to due process Rights to effective assistance of trial counsel Ex Parte Coy. 909 S.W. 2d 927. 928 (6X. CR.m.APP 1995). Applicant alleges that he did not knowingly intelligently waive trial counsel in writing and did not have a education and was founded Mentally incompetent to stand trial the construction was unconstitutional without a FAIR trial

## MEMORANDAMUS OF LAW AND GROUND NO. 5

Trial court and the State's court of Appeals. violated the Applicant State and federal constitutional Rights to 10 days to Prepare for Retrial and PRoceeding to trial the day counsel withDRawed was a fundamental doctrine to a denial of a fair trial whether the Applicant was competent to waive counsel.

Trial counsel oR trial court Judge, State PRosecutor oR the 12th court of Appeals never made any facts into whether the Applicant was competent oR incompetent to Represent himself oR whether the Applicant is competent to Represent himself at Resentencing hearing." in facts State's PRosecutor failed to provide the Applicant any discovery 10 days before trial Where Psychiatrica doctor Paul ANDRew founded the Applicant incompetent to stand trial. in violations of the Applicant due Process Rights To State discovery Tex. code. CRim. PRoc. ARt. 39.14. (a) (b) (c) (d). The 12th court of Appeals eRRed And stated trial counsel PRovided the Applicant discovery was Abuse of discretion because the 4counsel never PRovided the Applicant the RepoRt of Paul ANDRew. that founded the Applicant incompetent before the original trial." Applicant alleged that trial court Judge failed to asks Applicant if he was under mental health med. cation oR whether the Applicant under Psychiatrist TReatment The Applicant Requested for trial counsel and denied 10 days violate due Process of law to a fAiR trial. STRickland v. Washington. 466 US 368 (1964).

# MEMORANDUM OF LAW AND GROUND No. 6

Trial counsel William House ineffective Assistance for stating that he did not communicate with the applicant was a denas of effective trial counsel to know if the applicant was competent to communicate with trial court or Jury or to waive counsel was a denial of effective counsel when the applicant was under psychiatrist treatment and without medication and was founded incompetent before the original trial

The trial court and the 12th court of appeals erred and abused their discretion for stating that the counsel William M. House was not ineffective assistance of counsel for not communicating with the Applicant And Refased to because the counsel knew that the past the Applicant did not want him as his counsel." First, Applicant alleges that if the Applicant is mentally incompetent and was under psychiatrist medication during trial." The 12th court of appeals violates the due process rights to a Fair trial "whether the trial court conducted a psychiatrica evaluation Against the Applicant before the counsel was dismissed and to allow the applicant to waivor his rights to counsel and whether the Applicant Knowingly intelligently waived his rights to trial counsel. Here, Applicant and by A Motion for new trial that Applicant Requested for 10 days for trial with a trial counsel which was denied by trial court and the 12th, court of appeals was Abuse of discretion where issues raise doubt see exhibit J TEX.C.P ART.46sl

# MEMORADUM OF LAW AND GROUND NO. 7

Trial counsel william M. House, JR was ineffective Assistance on Appeal for failing to Raise error on an Appeal that the states exhibits not negotiable checks could not be cushed at Any bank and was insufficient to support Applicant committed theft and that a contract and debt is inviolations for imprisonment

Trial counsel knew that Applicant objected At trial and on motion for new trial that these not negotiable checks was not cushed at any Bank by the victim forrest Bradberry." counsel failed to Raise on Appeal that these checks could not be cushed At the bank in its form because the checks was not certified Receipts of bank Rewards or file mark duplicate by bank Receipts, second, The court of Appeals or Any other court of Appeals would have to grant the Ground or error when the state exhibits is without Proof of other corraboration of other witnesses or Business Rewards. United States v. Atkinson, 297 U.S. 151, 160. 56 S. ct. 391, 392, 80 L.Ed. 555 (1936), counsel failed within the Range of competence demanded of an Attorney in a criminal case and on Appeal being effective and here it is a Reasonable probability that if the counsel outcome would Render a New trial or Aquital. Strickland v. Washington. 466 u.s. 368 (1984), Applicant alleyed if counsel Raised on Appeal that victim forrest Bradberry testified that Michael Kennard had agreement of contruct with him was a contruct no person would be imprisoned october 9 2009

# MEMORANDUM OF LAW AND GROUND NO. 8

Trial Counsel MARK CARGILL ineffective Assistance for failing to objects to the Applicant WAIVOR trial counsel and REPRESENTING himself when the Applicant was founded incompetent by Psychiatrica doctor PAUL ANDREW before the ORiginal trial

IN HERNANDEZ J. STATE, 726 S.W.2d 53-55 (Tex. cr.app. 1986)

Applicant Contends trial Counsel MARK W. Cargin have no trial court records or court Reporter Records that the trial counsel Requested a competence hearing for the Applicant or that Applicant WAIVOR A incompetent hearing by court clerk Records, counsel Cargill Received doctor Report two months before the ORiginal trial of Michael Kennedy trial that Applicant was incompetent. Also other (TOLD-JO) Records, Applicant was incompetent and was under mental health treatment during the trial. Counsel failed to objects that Applicant did not WAIVOR his Rights to trial counsel knowingly and intelligently in writing, Tex. code 2. m. PRUL. art. 1.051 (e) (F.) (g) (h)," counsel is not effective and Knew the Applicant could Represent himself and was without a medication and under medication fell below the standard of reasonableness. if counsel would tive objection and stated Applicant been founded incompeta tive objection by psychiatrist doctor paul andrew the Applicant could not waive trial couns

10

## MEMORANDUM OF LAW AND GROUND NO. 9

States prosecution presented false perjured testimony that State Farm insurance checks was cashed by victim Forrest Bradberry on November 15, 16, 2007 went uncorrected at trial was a state constitutional Rights violation without due process to a fair trial ~~when the applicant convicted for the offenses~~.

The state's prosecutor knew or should have knowned that the state's Farm insurance checks was not cashed by the applicant Michael Kennedy and was deposited into the victim Forrest Bradberry Bank account on october 30, 2007 and November 15, 2007 and November 16, 2007. The custodian of Franklin Records as Tammy Lewis, testified that the victim forrest Bradberry did not cashed these checks and the checks deposited by him on these dates. See exh. ( ) Attached to this petition. The state prosecut Knew that these checks was deposited and no money or property was taken by applicant. The state prosecutor failed to correct the victim testimony or inform the jury that the victim forrest Bradberry is not Reliable witnesses, the three offense dates was so prejudice to deprive the applicant to a fair trial, and the Results of corr ing the victim testimony would Resulted in disb to whether the victim was a Reliable witnesses or competent. EX PARTE. ADAMS, 768 swod 281. ( Tex. Crim. App. 1989).

# MEMORANDUM OF LAW AND GROUND No. 10

Applicant conviction is unconstitutionally in violation to Slavery and without trial court Jurisdiction under the fundamental doctrine that no person shall be imprisonment for a contracts or debt. Tex. constitutions. Art. 1. sec. 18

There is no dispute that the victim Forrest Bradberry testified that he paided the applicant on october 9, 2007 for a contract of Painting his house. The court Reporter Rewerds clearly support this facts without any dispute. Generally a obligation to pay money arising out of a contracts or a debt within meaning of constitutions Prohibitation against imprisonment for october 9, 2007. Applicants alleges that the Judgment and sentence states that applicant was convicted and sentenced to a 99 years imprisonment violated the applicant's state constitutional rights. Thus, applicant alleges that he was working under contract and was daily working at the victim house was at all time and up to the applicant arrest. Applicant alleged police officer stopped the applicant from completing Job was a violation and prevented contracts to be completed result the conviction unconstitutions.



# MEMORANDUM OF LAW AND GROUND NO. 11

Applicant was ineffective Assistance of counsel Representing himself in the Original trial without 10 days to prepure for defenses. OR without staters discovery and where the Applicant was founded Mentally incompetent by psychiatrica ductor paul ANDREW was without the rights to a FAIR trial

---

The Applicant claims that he never knowingly and intelligent waived his Rights to a fair impartial trial OR a WAIVOR Of trial counsel in writing and intelligently. First Applicant alleged that he was Mentally incompetent and was under Mental health psychiatrist Medication before the original trial and was founded incompetent by ductor paul ANDREW. First Alleges that he was incompetent to File a motion that october 9, 2007 was a contract and debt under parties contracts and the job for painting was completely. Thus, No person could be imprisonment for a contracts or debts. Tex. consts. Art 1. See. 18. If motion was filed the trial court would have to grant the writ because victim Forrest BRADberry testified that he paided me for a job painting october 9, 2007 and was completed. The Applicant was without 10 days to prepare for trial and Applicant filed Motion for new trial which was over Ruled by operation of law. Applicant filed timess Motion for pleading Tex code. Crim. Proc. Art 39.14 (a)(b), Tex. code crim PROC Art 19

13

# MEMORANDUM OF LAW AND GROUND No. 12

The State court of Appeals Refuses to Revisit the Applicant innocence OR objections to the state's Prosecution Retrial where no evidence support a theft conviction After the New punishment hearing Render the texas status unconstitutionally invirtations of Slavery and Tex. Code. Crim. Proc. Art 44.29 (a)(b)(c)(d) is voided and denied an Accused a FAIR trial to Challenge State Procution defenses on Appeal

---

The Applicant was denied A PROPER Appeal Review to his timely objection At trial by Tex. R. App. P. § 33.1, The 12th Court of Appeals Refuses to Revisit the Applicant conviction After Applicant Showned the trial court violated the Texas state Constitutions to Article 1, Section 18 which clearly states No person should be convicted for a Contracts OR debt" further. Texas code Crim. Proc. Art. 44.29 (a) (b) (c) (d). is voided and unconstitutionally that deprived the Applicant FAIR Punishment hearing and a Rights to indictment and 10 days before trial with Court Rewords and Court Reporter Records. ce. Applicant Contends that he cannot heard on Appeal that the state's Prosecution unsupported testimony without trial Record testimony being admitted into evidence for the Review of fact finders, The Applicant could Report on defenses or was never provided a indictment or an ARRaignment hearing denied the accused A constitutional Rights to Retrial and when no evidence supported the conviction

14

MICHAEL KENNEDY
#1516203
Polvnsky Unit
3872 FM 350 South
Lwingston, TX 77351

SEPTEMBER 4, 2015

RECEIVE
SEP 1 5 2015
OFFICE OF THE CLERK
SUPREME COURT, U.S.

CLERK.
U.S. Supreme Court
one First St. penesleyma.
Washington, DC 20543

REQUESTS FOR INFORMATION TO WHETHER
I CON PETITION TO THE COURT OR THAT
I HAVE A ORDER FOR ME NOT TO FILE
PLEADING AND WHAT PLEADING THAT
I'M NOT ALLOWED TO FILE WITH THIS COURT.

Thank you for your assistance this
matter.

TRULY your
Michael Kennedy

No. _____

IN THE ~~SUPREME COURT OF THE UNITED STATES~~ 12th Court of Appeals TYLER, Texas

Michael A. Kennedy — PETITIONER
(Your Name)

VS.

The State of Texas — RESPONDENT(S)

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and to proceed *in forma pauperis.*

Please check the appropriate boxes:

☑ Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s): Trial Court 3RD Judicial District Court Anderson County, Texas

☐ Petitioner has **not** previously been granted leave to proceed *in forma pauperis* in any other court.

☑ Petitioner's affidavit or declaration in support of this motion is attached hereto.

☐ Petitioner's affidavit or declaration is **not** attached because the court below appointed counsel in the current proceeding, and:

☐ The appointment was made under the following provision of law: _____

_____, or

☐ a copy of the order of appointment is appended.

_____
(Signature)

# AFFIDAVIT OR DECLARATION
## IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

I, _Michael Kennedy_ , am the petitioner in the above-entitled case.   In support of
my motion to proceed *in forma pauperis*, I state that because of my poverty I am unable to pay
the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of
   the following sources during the past 12 months.   Adjust any amount that was received
   weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.   Use gross
   amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ NA | $ N/A | $ N/A | $ N/A |
| Self-employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child Support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance (such as welfare) | $ | $ | $ | $ |
| Other (specify): _____ | $ | $ | $ | $ |
| **Total monthly income**: | $ | $ | $ | $ |

NONE IN ALL

2. List your employment history for the past two years, most recent first.  (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| N/A | N/A | N/A | $ N/A |
|  |  |  | $ |
|  |  |  | $ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |

4. How much cash do you and your spouse have? $_____
Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

5. List the assets, and their values, which you own or your spouse owns.  Do not list clothing and ordinary household furnishings.

☐ Home
　Value _____

☐ Other real estate
　Value _____

☐ Motor Vehicle #1
　Year, make & model _____
　Value _____

☐ Motor Vehicle #2
　Year, make & model _____
　Value _____

☐ Other assets
　Description _____
　Value _____

NONE IN ALL

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | $ N/A | $ N/A |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

|  | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $_____ | $_____ |
| Are real estate taxes included? ☐ Yes ☐ No | | |
| Is property insurance included? ☐ Yes ☐ No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $_____ | $_____ |
| Home maintenance (repairs and upkeep) | $_____ | $_____ |
| Food | $_____ | $_____ |
| Clothing | $_____ | $_____ |
| Laundry and dry-cleaning | $_____ | $_____ |
| Medical and dental expenses | $_____ | $_____ |

|                                                              | **You** | **Your spouse** |
|--------------------------------------------------------------|---------|-----------------|
| Transportation (not including motor vehicle payments)        | $_____ | $_____ |
| Recreation, entertainment, newspapers, magazines, etc.       | $_____ | $_____ |

Insurance (not deducted from wages or included in mortgage payments)

|                                                              | **You** | **Your spouse** |
|--------------------------------------------------------------|---------|-----------------|
| Homeowner's or renter's                                      | $_____ | $_____ |
| Life                                                         | $_____ | $_____ |
| Health                                                       | $_____ | $_____ |
| Motor Vehicle                                                | $_____ | $_____ |
| Other: _____                                                | $_____ | $_____ |

Taxes (not deducted from wages or included in mortgage payments)

|                                                              | **You** | **Your spouse** |
|--------------------------------------------------------------|---------|-----------------|
| (specify): _____                                            | $_____ | $_____ |

Installment payments

|                                                              | **You** | **Your spouse** |
|--------------------------------------------------------------|---------|-----------------|
| Motor Vehicle                                                | $_____ | $_____ |
| Credit card(s)                                               | $_____ | $_____ |
| Department store(s)                                          | $_____ | $_____ |
| Other: _____                                                | $_____ | $_____ |
| Alimony, maintenance, and support paid to others            | $_____ | $_____ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $_____ | $_____ |
| Other (specify): _____                                      | $_____ | $_____ |
| **Total monthly expenses:**                                  | $_____ | $_____ |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

☐ Yes    ☑ No       If yes, describe on an attached sheet.

None

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?    ☐ Yes    ☐ No

If yes, how much? _____None_____

If yes, state the attorney's name, address, and telephone number:

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

☐ Yes    ☐ No

If yes, how much? _____None_____

If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: ___on December 4___ , 20_15_

_____
(Signature)